Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 0016 | **DATE** | 9/27/2001 |
| **CASE TITLE** | Ora Sims vs. First Franklin Financial Corp. and Illinois Mortgage Consultants, Inc., | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated in the attached Memorandum Opinion and Order, the plaintiff's motion for certification of a class in this matter is DENIED. [Doc. # 7].

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | SEP 28 2001 | 35 |
| | Notified counsel by telephone. | | date docketed | |
| X | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| vg(lc) | courtroom deputy's initials | 01 SEP 27 PM 2:18 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| Ora Sims, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 01 C 1116 |
| v. | ) |
| | ) HONORABLE DAVID H. COAR |
| First Franklin Financial Corporation and | ) |
| Illinois Mortgage Consultants, Inc., | ) |
| | ) |
| Defendants. | ) |

**DOCKETED SEP 2 8 2001**

## MEMORANDUM OPINION AND ORDER

Ora Sims ("Sims" or "plaintiff") has sued First Franklin Financial Corporation ("First Franklin" or "defendant") and Illinois Mortgage Consultants ("IMC") over fees she was charged in connection with her loan, which Sims claims violate the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 *et seq.* ("RESPA"), and the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 *et seq.* ("CFA"). Sims has filed a motion for class certification on Counts I-IV of her complaint. First Financial opposes the plaintiff's motion. For the following reasons, the plaintiff's motion is denied.

### Statement of Facts

On June 2, 2000, Sims received a non-purchase-money loan from First Financial on the his residence for personal, family or household purposes. The loan was arranged by IMC, which had agreed to act as the plaintiff's mortgage broker. At closing, First Financial distributed its own funds.

The broker compensation paid by First Franklinon and was described as a "yield service premium"("YSP") on Sims' HUD-1 settlement statement. A YSP is a payment by a lender to the borrower's mortgage broker that represents compensation for increasing the borrower's interest rate. If the borrower signs the loan papers at a higher rate then the lender's minimum, the lender pays the broker a "yield spread premium" linked to the increase in the rate.

Sims alleges that First Franklin and IMC have a policy of imposing or receiving charges through a "yield service premium"("YSP") that are merely for the referral of business, or are duplicative, or are for services that are not actually performed or nominally performed through, all in violation of RESPA. As a result, Sims alleges that he and members of the proposed class were induced into paying higher interests rates and, additionally, paid additional costs that were in excess of reasonable compensation for the services provided. In her own case, Sims alleges that IMC received $4,715.00 in fees and First Franklin paid IMC a YSP of $1,910.00.

## Analysis

Before this court is Sims's motion for class certification on Counts I-IV of her complaint. For the following reasons, his motion is denied.

Fed. R. Civ. P ("Rule") 23(a) sets forth four basic requirements that a proposed class must satisfy: (1) numerosity; (2) commonality; (3) typicality; and (4) adequacy of representation. In addition, a class must also satisfy one of the following requirements of Rule 23(b):

> 1) there is a risk that separate actions by individual members of the class would (A) result in inconsistent judgments "establish[ing] incompatible standards of conduct for the party opposing the class" or (B) produce individual adjudications that "would as a practical matter be dispositive of the interests of the other [class] members ... or substantially impede their ability to protect their interests"; or
> 2) the opposing party has acted or refused to act on grounds applicable to the class as a whole, so that injunctive or declaratory relief is appropriate as to the entire

2

class; or
3) common questions of law or fact predominate over individual questions, and a class action is the superior method for resolving the case.

Fed.R.Civ.P. 23(b). The burden of demonstrating that the case satisfies Rule 23's requirements falls on the party seeking certification. Patterson v. General Motors Corp., 631 F.2d 476, 480 (7th Cir.1980), *cert. denied*, 451 U.S. 914, 101 S.Ct. 1988, 68 L.Ed.2d 304 (1981). "Failure to meet any one of the requirements of Rule 23 precludes certification of a class." Valentino v. Howlett, 528 F.2d 975, 978 (7th Cir.1976) (per curiam). However, the court has no "authority to conduct a preliminary inquiry into the merits of a suit in order to determine whether it may be maintained as a class action." Eisen v. Carlisle & Jacquelin, 417 U.S. 156, 177, 94 S.Ct. 2140, 40 L.Ed.2d 732 (1974). In deciding a motion for class certification, the court must take all well-pleaded allegations in support of the motion for certification as true. Hardin v. Harshberger, 814 F.Supp. 703, 706 (N.D.Ill.1993).

Only First Franklin has responded to Sims's motion. First Financial argues that the plaintiff's motion should be denied because she fails to bring a claim under RESPA. Alternatively, First Franklin argues that the plaintiff fails to establish numerosity, typicality, or adequacy, as a representative given the unique nature of his disclosure allegations. Additionally, First Franklin asserts that the individual issues predominate in this case and therefore, a class action would not be the superior method of adjudication.

A.  Standing

This court views First Franklin's initial contention, that Sims lacks standing to assert a disclosure claim on behalf of herself or a putative class, as meritless. First Franklin asserts that

3

the legality of yield spread premiums under section 8 of RESPA does not depend on the fact or place of HUD-1 disclosure. First Franklin concludes thereby that since there is no express or implied private right of action for failure to make disclosures on the HUD-1 under section 4 of RESPA, Sims lacks standing to bring a case on behalf of herself as well as a class.

Sims, however, is asserting a claim under Section 8 of RESPA and HUD Regulation X, 24 C.F.R. § 3500.14 for the payment and receipt of compensation that does not represent services actually performed in connection with the origination of the loan. As the defendant has not made clear how the plaintiff has failed to state a legitimate claim under Section 8, this court finds that the plaintiff has standing to assert a claim on behalf of herself.

B.   Class Requirements under Rule 23

The plaintiff argues that her proposed classes meet the numerosity, typicality, commonality, and adequacy requirements under Fed.R.Civ.P. Rule 23(a). Additionally, the plaintiff alleges that common questions of law or fact predominate over questions the questions that would pertain to the individual members, making a class action suit a superior method by which to handle this controversy as required by Rule 23(b). In this court's view, the plaintiff does not meet the requirements under 23(b)(3) and therefore cannot represent class.

Section 8 of RESPA prohibits any referral fees while allowing payments for "goods or facilities actually furnished or for services actually performed." 12 U.S.C. § 2607(a), (c). HUD's policy statement on this issue establishes a two-part test to determine if a lender's payment to a broker violates RESPA: 1) whether the goods or facilities were actually furnished for the compensation paid, and 2) whether the payments were reasonably related to the value of these goods or services actually performed. 64 Fed.Reg. 10084. (March 1, 1999).

The defendant argues that HUD's two-step test confirms the fact-intensive, loan-specific inquiry required to analyze Section 8 RESPA claims. This court agrees. The inquiry under step one is whether the broker actually provided the proper number and type of compensable goods, facilities, or services in connection with the origination of the loan. Golan v. Ohio Savings Bank, 1999 WL 965593, *5 (N.D.Ill). The HUD policy statement provides a non-exhaustive list of fourteen different "services" a broker may provide to justify compensation paid by a wholesale retailer. 64 Fed. Reg. At 10085. Consequently, whether an individual mortgage broker provided services to an individual borrower in any given loan transaction requires a transaction-by-transaction inquiry. Golan, 1999 WL 965593 at *7.

The second step of the HUD policy statement also raises individualized, fact-intensive questions that predominate over any questions common to the class. According to HUD, a lender satisfies the second step by presenting evidence that the "total compensation" the broker received is "reasonably related to the value of the goods or facilities that were actually furnished or services that were actually performed." 64 Fed. Reg. 10084. "Total compensation" means the broker's compensation from all sources, including "direct origination and other fees paid by the borrower," and any "indirect fees" from the lender (such as a yield spread premium) even though ultimately paid by the borrower thorugh a higher interest rate. 64 Fed. Reg. At 10086. Under step two, this "total compensation" must be "commensurate with that amount normally charged for similar services, goods or facilities. This analysis requires careful consideration of fees paid in relation to price structures and practices in similar transactions and in similar markets." Id. HUD considers this second step the "determinative test under RESPA." Id. at 10085.

The plaintiff has failed to show that the generalized evidence will suffice to show the

5

unreasonableness required by the regulations. As recognized by several district courts, the reasonableness analysis requires an individualized examination of particular facts of each loan transaction. See, e.g., Golan v. Ohio Sav. Bank, 1999 WL 965593 (N.D.Ill. Oct. 15, 1999) (Pallmeyer, J.), petition for rev. denied, (7th Cir. Nov. 16, 1999); Buckley v. Firstar Home Mortgage, U.S. Dist. LEXIS 21511 (N.D. Ill. Aug. 26, 1999) (Zagel, J.); Hinton v. First Am. Mortgage, 1998 WL 111668 (N.D.Ill. Mar. 4. 1998)(Plunkett, J.). As the plaintiff does not provide sufficient evidence to suggest that the law in this Circuit has changed, the plaintiff's motion for class certification is denied.

## Conclusion

For the foregoing reasons, the plaintiff's motion for certification of a class in this matter is DENIED.

Enter:

David H. Coar
United States District Judge

Dated: **SEP 27 2001**

6